F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN REYNOSO-RAMIREZ,

    Defendant - Appellant.

No. 04-4126
(D.C. No. 2:01-CR-12-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HARTZ**, and **McCONNELL**, Circuit Judges.

In this direct criminal appeal, the Defendant-Appellant asserts that the district court committed plain error in enhancing his base offense level by 16 points pursuant to § 2L1.2(b)(1)(A) of the 2000 edition of the Sentencing Guidelines. The Defendant argues that because his sentence was imposed on November 7, 2001, the 2001 edition of the Sentencing Guidelines should have been used. Under the 2001 edition of the Sentencing Guidelines, the Defendant's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

criminal history would not have qualified for a 16 level enhancement under § 2L1.2(b)(1)(A). The Defendant has asked that this appeal be expedited because he has already served the maximum time contemplated by the Guideline range that would have been applicable under his appropriate criminal history category had the district court properly used the 2001 edition of the Sentencing Guidelines.

The United States responded by agreeing with the Defendant, both as to the assertion that the 2001 edition of the Sentencing Guidelines should have been utilized and as to the Defendant's assertion that under the 2001 edition of the Sentencing Guidelines his criminal history would not have qualified him for a 16 level enhancement under § 2L1.2(b)(1)(A).

We agree, based upon the record before us, and conclude that the district court plainly erred in enhancing Defendant's sentence under the 2000 edition of the Sentencing Guidelines.

Accordingly, we REVERSE and REMAND this case to the district court for resentencing of the Defendant pursuant to the 2001 edition of the Sentencing Guidelines.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge